# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3892

_____

| | | |
|---|---|---|
| United of Omaha Life Insurance Company, | * * * | |
| Plaintiff - Appellant, | * * | Appeal from the United States District Court for the |
| v. | * * | Eastern District of Arkansas. |
| Ross C. Honea, | * * | |
| Defendant - Appellee. | * | |

_____

Submitted:  April 21, 2006
Filed: August 17, 2006

_____

Before LOKEN, Chief Judge, BOWMAN and BYE, Circuit Judges.

_____

LOKEN, Chief Judge.

United of Omaha Life Insurance Company issued a $500,000 term life policy effective August 1, 1996.  The insured, John L. Rauch, died on June 26, 1998.  The beneficiary of record, Pioneer Nursing and Rehab Center, Inc. ("Pioneer"), filed a claim for the policy proceeds that United of Omaha denied.  Pioneer sued.  United of Omaha eventually settled the lawsuit for $390,500 and commenced this suit for indemnification against the broker who procured the policy application, Ross Honea.

The district court[1] granted summary judgment in favor of Honea, concluding that under Arkansas law Honea was an agent of the prospective insured, not United of Omaha, and therefore had no affirmative duty to disclose that the application was in substance identical to a prior application United of Omaha had rejected. On appeal, United of Omaha asserts new breach of contract theories that are not supported by the sparse factual record. Accordingly, we affirm.

Honea and United of Omaha entered into a Broker's Contract providing that Honea would procure applications for United of Omaha's insurance products, "comply with all Company practices and procedures," and act "in an ethical, competent and professional manner." The Contract further provided that Honea would indemnify United of Omaha against third party claims resulting from "the Broker's wrongdoing, or the Broker's breach of this Contract."

In early 1996, Pioneer engaged Linco Construction Company ("Linco") to build a nursing home in Melbourne, Arkansas. Rauch was Linco's president and owner. When Linco could not obtain a sufficient performance bond, Honea submitted an application to United of Omaha for a $750,000 "key person" term life insurance policy, naming Rauch as the insured and Pioneer as the policy owner and beneficiary. United of Omaha rejected the application. Honea then submitted a second application for a $750,000 policy, allegedly naming Rauch as the insured, Linco as the policy owner, and Rauch's estate as the beneficiary.[2] United of Omaha accepted the new application and sent a printed policy to Honea on July 29, 1996, conditioning its

---

[1]The HONORABLE JOHN F. FORSTER, JR., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred with consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]We say allegedly because United of Omaha attached inconsistent application documents to its complaint and to its response to Honea's motion for summary judgment. No deposition testimony in the record on appeal resolves or even acknowledges the inconsistencies.

acceptance on Linco agreeing to reduce the face amount of the policy from $750,000 to $500,000. Rauch signed an amendment to this effect on August 28. United of Omaha issued the policy on September 10, effective August 1.

The policy provided that the policyholder "may change the ownership of this policy or pledge it as collateral by assigning it," so long as United of Omaha recorded and acknowledged the assignment. On August 2, 1996, after United of Omaha mailed the policy to Honea but before Rauch accepted the reduced face amount, Rauch in Honea's presence signed a United of Omaha form entitled Absolute Assignment. This document irrevocably assigned Linco's ownership interest in the policy to Pioneer and named Pioneer the beneficiary of record. United of Omaha received and recorded the assignment on September 12. Thereafter, United of Omaha received premium payments from Pioneer and mailed premium reminder notices to Pioneer. On two occasions before Rauch's death, United of Omaha sent policy lapse letters to Pioneer and reinstated the policy when Pioneer applied for reinstatement and paid the required premiums.

In its complaint, United of Omaha sought indemnification on the ground that Honea violated his duties to United of Omaha "under the law and his broker's contract" by submitting an application that negligently failed to disclose or fraudulently concealed information that Honea knew would make the risk unacceptable to United of Omaha -- that Pioneer was the intended policy owner and beneficiary. Honea moved for summary judgment, arguing that Arkansas law does not recognize the tort of negligent misrepresentation and that United of Omaha could not prove fraudulent concealment because Honea disclosed the policy assignment to Pioneer. In response, United of Omaha argued that it was entitled to indemnification because Honea as United of Omaha's agent breached his fiduciary duty by submitting a policy application that he knew to be "directly contrary to United of Omaha's interests."

-3-

The district court rejected United of Omaha's contention, concluding that under Arkansas law as well as the Broker's Contract, Honea was an agent of the insured, not the insurer. See Ark. Code Ann. 23-64-102(3) ("A broker shall be deemed to be the agent of the insured."). The court then granted summary judgment in favor of Honea because United of Omaha failed to prove either "wrongdoing" or a breach of the Broker's Contract that would obligate Honea to indemnity United of Omaha for amounts paid on Pioneer's claim for the policy proceeds.

On appeal, United of Omaha abandons its contention that Honea breached an agent's fiduciary duty by acting contrary to United of Omaha's interests. Conceding that Honea acted as agent for the prospective insured, United of Omaha argues that genuine issues of material fact exist as to whether Honea breached the Broker's Contract or was guilty of wrongdoing. United of Omaha asserts that Honea acted unethically and contrary to the "practices and procedures" referred to in the Broker's Contract. He knew that United of Omaha would not issue a term life policy "to serve as a guarantee of Linco's performance of the construction contract" because the company does not issue term life policies when circumstances make it likely that the policy will be cancelled within five years. With that knowledge, Honea intentionally submitted the second policy application concealing the true intent of the proposed transaction, which was then achieved by the assignment to Pioneer.

We reject this new theory because it is completely unsupported by the summary judgment record on appeal. United of Omaha submitted no evidence, other than conclusory assertions in unverified pleadings: (i) why it rejected the first application; (ii) that Honea was told the reasons for the rejection; (iii) that United of Omaha has a practice or policy requiring rejection of the second application if Linco had disclosed its intent to assign the policy to Pioneer and name Pioneer the beneficiary -- actions which the policy unqualifiedly permitted; (iv) that Honea knew of this policy and intentionally circumvented it; (v) that Honea violated United of Omaha's instruction to deliver the new policy to Linco instead of Pioneer; and (vi) what recognized ethical

-4-

standard for Arkansas insurance brokers Honea breached in a manner that could be found to be "wrongdoing" within the meaning of the Broker's Contract. These are not facts that can be reliably assumed. United of Omaha required a reduction in the face amount before issuing the policy, was immediately advised of the assignment to Pioneer and recorded it without protest, and then treated Pioneer as the policy owner and beneficiary for nearly two years until Rauch died. Even if United of Omaha had an informal underwriting or business practice not to issue key person term life policies in these circumstances, any business is free to depart from ordinary practice, for example, if the customer makes sufficient concessions.

When theories are properly raised and challenged in the district court, the party opposing summary judgment may not rest on the allegations in its pleadings; it "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Baucom v. Holiday Companies, 428 F.3d 764, 768 (8th Cir. 2005). Here, United of Omaha did not argue these breach-of-contract theories in the district court. We ordinarily do not consider issues raised for the first time on appeal. Given the mandate of Rule 56(e) as applied by the Supreme Court, it is particularly appropriate not to consider new theories that are "entirely without support in the record." Wever v. Lincoln County, 388 F.3d 601, 608 (8th Cir. 2004). That is the situation here.

The judgment of the district court is affirmed.

_____